# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TIMOTHY STONE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00101 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DUFFIELD JAIL-MEDICAL,** | ) | By: James P. Jones |
| **ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Timothy Stone, Pro Se Plaintiff.*

The plaintiff, Timothy Stone, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that medical officials at the "Duffield Jail" had refused to authorize him for a job to earn money toward payment of his fines. Compl. 2, ECF No. 1. After review of the Complaint and Stone's many subsequent submissions, I conclude that the action must be summarily dismissed for failure to state a claim.

I.

When Stone filed the action, he was incarcerated at the jail facility in Duffield, Virginia, one of several facilities operated by the Southwest Virginia Regional Jail Authority ("SVRJA"). In his Complaint, Stone alleged that when he asked to be approved for a job to earn money toward payment of his court fines in

November 2016, Nurse Scott told him that he did not meet the jail's medical criteria to work, but would not say why. Stone states that during previous terms of incarceration, no medical issues had prevented him from holding jobs on road crews and at a work release center.

Stone filed a medical grievance, asking why he could not be approved for a job. The grievance response stated: "Not valid. Medical has a list of criteria that determine eligibility for different jobs here. If you do not meet the criteria, we cannot approve you for a job." V.S. 2, ECF No. 2. Stone asked the control officer if he could speak with Captain Parks, and the officer said the Parks was "busy and . . . does not speak to inmates." Compl. 4.

Stone filed his Complaint in March 2017 against "Duffield Jail-Medical and Captain Parks." *Id*. at 1. As relief in the case, he sought to be moved to the Tazewell jail facility closer to his family and to recover monetary damages for the mental anguish he had suffered as a result of the Duffield jail staff's alleged actions.

The court notified Stone that Duffield Jail-Medical was not a proper defendant under § 1983 and granted him an opportunity to file an amended complaint. The court instructed Stone that an amended complaint should stand on its own as a complete statement of his § 1983 claims, naming proper defendant(s)

and stating facts about what each defendant had done in violation of his rights. Stone has not submitted any document entitled Amended Complaint.

Stone has submitted several letters that I construe as motions attempting to add to his existing Complaint. In one of these submissions, he states that Nurse Scott was the jail medical staff member who refused to tell him what medical problems were preventing him from getting a job. Stone also alleges that on March 16, 2017, two days after he mailed his § 1983 Complaint to the court, jail officials gave him a job.

In other submissions, Stone alleges that on March 30, he heard two Duffield jail inmates say that an Officer Scott "had told them to scare [Stone] or beat [him] up so [he] would drop[]" the § 1983 case. Mot. Amend 1, ECF No. 19. He further alleges that a few hours later, while Officer Davis was making rounds in the area, the same two inmates came up to Stone and said that they were "going to beat [him] up and put [him] in the hospital." *Id;* Mot. Prelim. Inj. 1, ECF No. 7. Stone looked for the officer and saw him "at the back of the pod just standing there smiling." *Id*. The court received Stone's first letter about these threats on April 5, construed the submission as a Motion for Preliminary Injunction seeking a transfer out of the Duffield facility, and directed the jail's superintendant to respond. On April 7, jail authorities transferred Stone to the SVRJA's facility in Haysi. Thereafter, I dismissed Stone's request for preliminary injunctive relief as moot.

He continued to submit proposed amendments to add Scott and Davis as defendants to his § 1983 case, however.

In other submissions, Stone proposed amendments to add a demand for monetary damages against Scott and Davis, to add a request for his early release from confinement, and to require the Duffield jail and Captain Parks to pay his fines.[1] I will grant these amendments and direct the clerk to add as defendants Officer Scott, Officer Davis, and Nurse Scott. For the reasons I will explain, however, even considering Stone's allegations as a whole, I find no set of facts on which Stone may recover relief in this § 1983 action.

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). An inmate's complaint may be summarily dismissed under this section if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008)

---

[1] Stone has also submitted complaints about events that have allegedly occurred at the jail where he is currently confined. He claims that officers there have reclassified him from a minimum to a medium security inmate, that they have videotaped him while escorting him from one place to another, and that he has had trouble receiving his incoming mail. I will not construe these submissions as proposed amendments, because Stone has not named any defendant associated with these events. Moreover, I cannot find that these occurrences implicate any constitutionally protected right so as to be actionable under § 1983.

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether the complaint states a claim, a court must view the factual allegations in the light most favorable to the plaintiff, but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* at 302 (internal quotations marks and citations omitted).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Thus, a § 1983 plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

As an initial matter, I must summarily dismiss all claims against the original defendants, the Duffield Jail-Medical and Captain Parks. The jail's medical staff, as a group of individuals, does not qualify as a "person" who can be sued under § 1983. *Cooper*, 735 F.3d at 158. Captain Parks is a person, but Stone does not describe any actions Parks undertook personally in violation of his constitutional rights. Because Stone does not show that Parks, through his own "individual actions [or inactions], has violated the Constitution" or caused others to violate it,

Stone fails to state any actionable § 1983 claim against Parks. *Ashcroft,* 556 U.S. at 676; *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984) (holding that supervisory liability under § 1983 requires showings that official had actual or constructive knowledge of risk of constitutional injury and was deliberately indifferent to that risk, and that there is an affirmative causal link between the injury and supervisory official's inaction).

Second, I must summarily dismiss Stone's § 1983 claim about being denied a job while at the Duffield jail. "Prisoners . . . do not have a constitutionally protected right to work while incarcerated, or to remain in a particular job once assigned." *Harrell v. Bishop*, No. DKC-13-2722, 2014 WL 3055572, at *6 (D. Md. July 2, 2014).

Third, I must dismiss Stone's claim for early release. An inmate cannot use a § 1983 action to seek early release from confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Any challenge to the fact or length of his confinement is properly raised only in a petition for a writ of habeas corpus. *Id.*

Finally, I must dismiss Stone's claims against Officers Scott and Davis because of his failure to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted.") In letters dated March 31, 2017, and April 21, 2017, Stone alleges that the previous evening, two inmates threatened to harm him as Officer Davis just stood there smiling. From the timing of the events described and the date on the letter, I find it that Stone raised these contentions to the court before pursuing all available administrative remedies to bring his concerns to the attention of jail officials.[2] As such, he is barred under § 1997e(a) from pursuing a § 1983 action in this court about the actions of Scott and Davis. "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017).

For the stated reasons, I must summarily dismiss without prejudice Stone's Complaint as amended under § 1915A(b)(1) for failure to state claims actionable under § 1983 or for failure to exhaust available administrative remedies under § 1997e(a).

A separate Order will be entered herewith.

DATED: July 10, 2017

/s/ James P. Jones
United States District Judge

---

[2] The Duffield jail has a grievance procedure that includes the opportunity to appeal, as indicated on the grievance Stone submitted with his Complaint. *See* V.S. 2, ECF No. 2 ("To appeal a medical grievance you must submit the appeal on a paper form and turn it in to medical.").